IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC ROBINSON, | ) | 4:13CV3130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL P. HUERTA, | ) | |
| Administrator, Federal Aviation | ) | |
| Administration, LACEY N. JONES, | ) | |
| Manager, Special Investigations | ) | |
| Branch, Drug Abatement Division, | ) | |
| Federal Aviation Administration, | ) | |
| BRENT HART, Program Analyst, | ) | |
| Office of Audit and Evaluation, | ) | |
| Federal Aviation Administration, | ) | |
| MARC L. WARREN, (Acting) Chief | ) | |
| Counsel, Federal Aviation | ) | |
| Administration, and A. LESTER | ) | |
| HAIZLIP, Regional Counsel, Central | ) | |
| Region, Federal Aviation | ) | |
| Administration, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the petition of Eric Robinson for a writ of mandamus to compel the Federal Aviation Administration ("FAA") to investigate the circumstances under which Petitioner was terminated from Duncan Aviation. As Respondents, Plaintiff has named the administrator of the FAA and other FAA employees.

I.  SUMMARY OF PETITION

Petitioner alleges that he was employed by Duncan Aviation. On December 13, 2009, Petitioner received a telephone call from Company Care, a company that conducts the analysis of drug and alcohol tests submitted by Duncan Aviation, informing Petitioner that he had tested positive for methamphetamine. (Filing No. 1 at CM/ECF p. 6.) As a result, Duncan Aviation placed Petitioner "on paid suspension" pending further testing of the sample. (*Id.* at CM/ECF p. 7.) After several weeks, Petitioner "assumed" his employment had been terminated by Duncan Aviation. (*Id.*)

At some point following his termination, Petitioner contacted the Department of Transportation to inform them "of what was going on." (*Id.* at CM/ECF p. 8.) In January and March 2013, the FAA informed Petitioner that the drug testing Petitioner underwent was outside its scope of authority because it was conducted under Duncan Aviation's company testing program, not the Department of Transportation/FAA-mandated testing program. (*Id.* at CM/ECF pp. 9-10.) Petitioner alleges that Duncan Aviation does not have a company testing policy. (*Id.*) He also alleges that "[t]he FAA did nothing more than place a few phone calls for its investigation." (*Id.* at CM/ECF p. 9.) He asks this court to issue a writ of mandamus compelling the FAA "to do a FULL and THOROUGH review of this incident." (*Id.* at CM/ECF p. 10.)

II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citations and internal quotations omitted). *See also Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) ("The writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." (quoting *Hatcher v. Heckler*, 772 F.2d 427, 432 (8th Cir. 1985))).

In this case, Petitioner asks this court to issue a writ of mandamus compelling the FAA to investigate the circumstances under which he was terminated from his employment. However, he has shown neither exhaustion of alternative remedies nor a clear right to the relief he seeks. On the court's own motion, Petitioner will be given 30 days from the date of this Memorandum and order to file an amended petition in which he alleges that "he has exhausted all other avenues of relief" and shows that the FAA "owes him a clear nondiscretionary duty" to investigate the circumstances under which he was terminated from his employment. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. Petitioner's request for a writ of mandamus fails to state a claim upon which relief may be granted. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended petition in which he alleges that "he has exhausted all other avenues of relief" and shows that the FAA "owes him a clear nondiscretionary duty" to investigate the circumstances under which he was terminated from his employment. Failure to do so will result in dismissal of this matter without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline using the following text: October 24, 2013: Review amended petition.

DATED this 24th day of September, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.