IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC ROBINSON, | ) | 4:13CV3130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL P. HUERTA, | ) | |
| Administrator, Federal Aviation | ) | |
| Administration, LACEY N. JONES, | ) | |
| Manager, Special Investigations | ) | |
| Branch, Drug Abatement Division, | ) | |
| Federal Aviation Administration, | ) | |
| BRENT HART, Program Analyst, | ) | |
| Office of Audit and Evaluation, | ) | |
| Federal Aviation Administration, | ) | |
| MARC L. WARREN, (Acting) Chief | ) | |
| Counsel, Federal Aviation | ) | |
| Administration, and A. LESTER | ) | |
| HAIZLIP, Regional Counsel, Central | ) | |
| Region, Federal Aviation | ) | |
| Administration, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On September 24, 2013, the court conducted an initial review of Petitioner Eric Robinson's petition for a writ of mandamus to compel the Federal Aviation Administration ("FAA") to investigate Duncan Aviation's employee drug testing policies and the circumstances under which Petitioner was terminated from Duncan Aviation. (Filing No. 6.) The court determined that Petitioner was not entitled to a writ of mandamus because Petitioner had not established that he has no other adequate means to attain the relief he desires or that his right to the issuance of the writ is clear and indisputable. (*Id.* at CM/ECF pp. 3-4.) On the court's own motion, the court gave Plaintiff the opportunity to file an amended petition. (*Id.*)

Plaintiff filed an amended petition for a writ of mandamus on October 23, 2013. (Filing No. 7.) Upon careful review of the amended petition, the court finds that Petitioner is not entitled to a writ of mandamus. The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citations and internal quotations omitted). *See also Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) ("The writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." (quoting *Hatcher v. Heckler*, 772 F.2d 427, 432 (8th Cir. 1985))).

Here, Petitioner alleges that he was fired from his employment with Duncan Aviation because he tested positive for methamphetamine. (Filing No. 6 at CM/ECF p. 2.) In this action, Petitioner does not challenge the termination of his employment. Rather, he alleges that after he informed the Department of Transportation "of what was going on," the FAA did nothing more than "place a few phone calls" for its investigation. (*Id.* at CM/ECF pp. 8-9.) In his amended petition, Petitioner asks that the FAA be required to conduct a full and thorough investigation. However, it is clear from Petitioner's allegations and the attachments to his amended petition that the FAA did investigate, albeit not in the manner Petitioner would have preferred. Petitioner has not established that his right to the issuance of a writ is clear and indisputable or that the FAA owes him a clear nondiscretionary duty. For these reasons and the reasons discussed in the court's Memorandum and Order dated September 24, 2013, Petitioner is not entitled to a writ of mandamus.

IT IS THEREFORE ORDERED that:

1. For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated September 24, 2013, this matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of January, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.